## UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

CHAMBERS OF
PAUL W. GRIMM
CHIEF UNITED STATES MAGISTRATE JUDGE

101 W. LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-4560
(410) 962-3630 FAX

September 22, 2009

Stephen F. Shea, Esq.
801 Roeder Road, Ste. 550
Silver Spring, MD   20910

Allen F. Loucks, AUSA
36 S. Charles Street
4th Floor
Baltimore, MD   21201

**Re: Candace Alther v. Michael J. Astrue, Commissioner of Social Security, PWG-08-402**

Dear Counsel:

Pending before this Court, by the parties' consent, are Cross-Motions for Summary Judgment concerning the Commissioner's decision denying Candace Alther's claim for Supplemental Security Income Benefits("SSI"). (Paper Nos. 9,12,17).  This Court must uphold the Commissioner's decision if it is supported by substantial evidence and if proper legal standards were employed. 42 U.S.C. § 405(g); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). A hearing is unnecessary. Local Rule 105.6.  For the reasons that follow, this Court GRANTS the Commissioner's Motion and DENIES the Plaintiff's Motion.

Candace Alther ("Claimant"), applied for SSI on March 26, 2004, alleging that she was disabled since March 1, 1993, due to fibromyalgia, migraines, and visual problems. (Tr. 17, 56, 70). Her claim was denied initially and upon reconsideration. (Tr. 39-46). After a hearing before an Administrative Law Judge ("ALJ"), the Honorable Melvin D. Benitz on May 31, 2006, the ALJ denied her claim in a decision dated June 14, 2006. (Tr. 232-239).  The Appeals Council subsequently granted her request for review, vacated the ALJ's decision, and issued an order remanding her case to the ALJ on September 29, 2006. (Tr. 247-248).  In accordance with the Appeals Council's directive, a second administrative hearing was held before the ALJ on March 22, 2007. (Tr. 325-360). Ms. Alther's claim again was denied in a decision dated July 19, 2007. (Tr. 17-29). The ALJ found that although Claimant's osteoarthritis, fibromyalgia  and visual deficiency were "severe" impairments, they did not meet or medically equal any of the listed

impairments in the Regulations.  The ALJ also found that Claimant retained the residual functional capacity ("RFC") to perform a range of sedentary work[1]. (Tr. 16).  The ALJ found that Claimant was not able to perform any of her past relevant work ("PRW"), but that considering her age, education, work experience, and RFC and after receiving testimony from a vocational expert ("VE"), determined there were jobs that existed in the national and local economies that she could perform.  Accordingly, the ALJ found that she was not disabled. (Tr. 29). On December 21, 2007, the Appeals Council denied her request for review, making her case ready for judicial review. (Tr. 7-9).

The Claimant presents several arguments in support of her contention that the Commissioner's final decision is not supported by substantial evidence.  She first argues that the ALJ ignored "pertinent" evidence and failed to provide a medical basis for his findings regarding Claimant's physical and mental limitations and his RFC determination.  *See* Plaintiff's Memorandum, pp. 6-13.  For the reasons that follow, I disagree.

Claimant argues that the ALJ ignored the severity of her "visual field deficit" and the findings of her treating and examining physicians.  After careful review of the entire record, the undersigned finds that the ALJ fulfilled his duties and adequately the discussed how he considered the medical evidence in this case.  For example, on page 5 of the ALJ's decision, he discussed  Dr. Allan Jensen's report and noted that Ms. Alther's visual field testing results were reported as "clearly functional" and her decreased central vision& marked visual field defect had no objective explanation. (Tr.  21, 279).  Contrary to Claimant's allegation, the ALJ also adequately discussed the consultative examination reports of Drs. Nechama Bernhardt and Scheurholz. (Tr. 26).  The ALJ explained that Dr. Bernhart's report was not accorded significant weight since the report was given without medical neurological testing to support it, and because Dr. Bernhardt stated that information from a neurologist was necessary in order to assess the "extremely complex situation." (Tr. 172).  The ALJ also noted that Dr. Scheurholz was a psychologist, who did not perform any visual testing, and therefore her report was not given much weight. (Tr 26, 180-181).

---

[1]The ALJ found Claimant's ability to perform sedentary work was limited by the following: she needed a sit stand option every thirty minutes; had no keen visual acuity or overhead reaching with her left upper extremity; avoid prolonged balancing climbing and stooping; avoid temperature and humidity extremes, heights and hazardous machinery. (Tr. 22).

2

Claimant also argues that the ALJ ignored the treating physician's opinions about her limitations and that there is no medical basis for the ALJ's RFC determination. (Tr. 205-206). However, after careful review of the entire record and the ALJ's decision, I disagree.  Dr. John Durocher completed a Medical Assessment (See Exhibit B 10-F) and stated that Ms. Alther's abilities to stand, walk, sit, perform postural activities were all affected by her fibromyalgia and optic nerve problems. However, as the ALJ noted in his decision, the doctor never stated what medical findings supported the assessment. Likewise, upon review of the doctors' treatment notes there are no notations to support his findings. (Tr. 208-228). Finally in rendering his RFC, the ALJ stated that he accorded significant weight to the report of Doctor Jensen and cited Exhibit 19-F.

In sum, there is no reasonable basis to conclude that the doctor's opinions were ignored, or that there was no medical basis for the ALJ's RFC determination as Claimant alleges.

I also find that the hypothetical presented to the VE[2] was supported by substantial evidence and adequately included all the limitations that were deemed credible by the ALJ. The ALJ is afforded "great latitude in posing hypothetical questions," *Koonce v. Apfel*, No. 98-1144, 1999 WL 7864, at *5 (4th Cir. Jan. 11, 1999), and need only pose those that are based on substantial evidence and accurately reflect the claimant's limitations.  *See Copeland v. Bowen*, 861 F.2d 536, 540-41 (9th Cir. 1988).

In the present case, the ALJ posed hypotheticals to the VE regarding an individual with Claimant's conditions and limitations.  The VE identified several sedentary jobs in the

---

[2]The VE was asked to consider an individual who suffered from various ailments; some fibro by testimony; visual disturbances with blurred vision; 20/40 vision in both eyes; wears glasses; degenerative disc disease; pain and discomfort in her arm upper left arm or right arm; some lower extremities; four five strength; headaches lift ten pounds occasionally, lesser amounts frequently; would have to avoid overhead reaching with that left upper extremity; no prolonged climbing, balancing stooping; she could only perform jobs that would not require much visual acuity due to her eyesight; she gets blurriness on occasion mostly on the peripheral deficiency side; and could stand for 15 to 20 minutes on an alternate basis during an 8 hour day; would have to avoid heights and moving machinery due to dizziness, headaches, must avoid temperature and humidity extremes, and vibrations. (Tr. 355).

local and national economies and explained the impact on those jobs identified when additional limitations were considered. The ALJ also complied with his duty to inquire whether the VE's findings conflicted with the DOT. *Cline v. Chater*, 82 F.3d 409 (4th Cir. 1996); See also  SSR 00-4p.(Tr. 355-356).

Finally Ms. Alther argues that the ALJ failed to assess her credibility appropriately, by failing to consider her allegations of pain and by improperly considering her ability to perform daily activities. *See* Plaintiff's Memorandum, pp. 18-20. After review of the ALJ's decision and the entire record, I find the Claimant's arguments are without merit. The ALJ fully and adequately explained his credibility determination. *See* SSR 96-7p.[3]  In determining Claimant's credibility and the impact that her alleged impairments had on her ability to work, the ALJ stated that he considered the reports from Dr. Dyer, Dr. Greenberg and Dr. Jensen. (Tr. 22-23).  The ALJ also explained in sufficient detail why he found her subjective complaints less than wholly credible. (Tr. 24).  In sum, these factors, coupled with Ms. Alther's testimony regarding her activities, were

---

[3] SSR 96-7p, in relevant part, states:
4. In determining the credibility of the individuals statements the adjudicator must consider the entire case record, including the objective medical evidence**, the individual's statements about symptoms, statements and other information provided by treating or examining physicians or psychologists or other persons about symptoms with the rest of the relevant evidence in the case record** in reaching a conclusion about the credibility of the individual's statements if a disability determination or decision that is fully favorable to the individual cannot be made solely on the basis of objective medical evidence**.**
5. It is not sufficient for the adjudicator to make a single, conclusory statement that "the individuals allegations have been considered or that the allegations are (or are not) credible." It is also not enough for the adjudicator to simply recite the factors that are described in the regulations for evaluating symptoms.  **The determination or decision must contain specific reasons for the finding on credibility, supported by the evidence in the case record and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individuals statements and the reasons for that weight.** (1996 WL 374186 *1-*2) (emphasis added).

4

appropriately considered[4], and they provide substantial support for the ALJ's conclusion. (Tr. 163-165,  328-331)

    Thus, for the reasons given, this Court GRANTS the Commissioner's Motion for Summary Judgment and DENIES Claimant's Motion.  A separate Order shall issue.

                              Sincerely,
                                   /s/
                              Paul W. Grimm
                              United States Magistrate Judge

---

[4] SSR 96-7p also provides: the adjudicator must consider certain factors "in addition to the objective medical evidence when assessing the credibility of an individuals statements": Those factors include 1. The individual's daily activities; 2. The location, duration, frequency, and intensity of the individual's pain or other symptoms; 3. Factors that precipitate and aggravate the symptoms; 4. The type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; 5. Treatment, other than medication, the individual receives or has received for relief of pain or other symptoms ; 6. Any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board ); and  7. Any other factors concerning the individuals functional limitations and restrictions due to pain or other symptoms.

SSR 96-7p(1996 WL 374186, *2 (S.S.A.))

5